UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIGUEL ARCHAN,<br><br>　　　　Defendant. | Case No.: 1:14-cv-1551-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>ORDER REQUIRING PLAINTIFF TO SUBMIT $400 FILING FEE<br><br>[Doc. 2]<br><br>THIRTY-DAY DEADLINE |

Plaintiff Harold Walker is a state prisoner appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On October 3, 2014, Plaintiff filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. 2). For the reasons set forth below, Plaintiff is ineligible to proceed in forma pauperis and must submit the filing fee in full within thirty days or this action will be dismissed.

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." In order to determine whether Plaintiff is entitled to proceed in forma pauperis, the Court may take judicial notice of court records in other cases. *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

Plaintiff became subject to section 1915(g) on April 5, 2010. As of that date, Plaintiff had on three occasions, while incarcerated, brought an action that was dismissed for failure to state a claim upon which relief could be granted. The Court takes judicial notice of case numbers: 1:04-cv-06369-LJO-DLB PC *Walker v. Pierce, et al.*, (E.D. Cal.) (dismissed Mar. 4, 2009, for failure to state a claim); 1:08-cv-00164-OWW-DLB PC *Walker v. Mimms, et al.*, (E.D. Cal.) (dismissed Jun. 3, 2009, for failure to state a claim); 1:09-cv-00931-YNP-GSA PC *Walker v. Vazquez, et al.*, (E.D. Cal.) (dismissed Feb. 8, 2010, for failure to state a claim); and 1:09-cv-02098-SMS PC *Walker v. California Dept. Of Corr. & Rehab., et al.*, (E.D. Cal.) (dismissed Apr. 5, 2010, for failure to state a claim).

Accordingly, Plaintiff is subject to section 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception.[1] *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff's complaint alleges constitutional violations that occurred in the past and seeks only monetary damages. Here, Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical injury and therefore, Plaintiff is ineligible to proceed in forma pauperis in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis in this action are DENIED; and

2. Plaintiff must submit the $400.00 filing fee in full, within thirty (30) days from the date of service of this order, or this action will be dismissed.

IT IS SO ORDERED.

Dated:   **October 22, 2014**         /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's claim arises from an incident involving Plaintiff's transfer from the Community Regional Medical Center. Plaintiff alleges Defendant Miguel Archan refused his request to use the men's restroom causing Plaintiff to urinate on himself. Plaintiff also alleges that Defendant forcefully handcuffed him and wrestled him to the ground causing pain to Plaintiff's neck, wrist, and shoulders. (Doc. 1 at 3). Plaintiff cites a single claim of excessive force and fails to allege any facts indicating any future harm or imminent danger.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3