UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br><br>        Plaintiff,<br><br>    v.<br><br>MIGUEL ARCHAN,<br><br>        Defendant. | Case No.: 1:14-cv-1551-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS CASE FOR FAILURE TO PROSECUTE |

      Plaintiff Harold Walker ("Plaintiff") is an inmate at the Fresno County Jail proceeding *pro se* with this civil rights action pursuant to Title 42 of the United States Code section 1983. (Docs. 1, 2). On October 22, 2014, the Court determined that Plaintiff was ineligible to proceed in forma pauperis. (Doc. 3). The Court ordered Plaintiff to submit his filing fee within thirty days of the date of service, or no later than November 22, 2014. On January 9, 2015, the Court granted Plaintiff's request for a thirty-day extension to pay his filing fee and was properly served on Plaintiff at the Fresno County Jail, Post Office Box 872, 1225 M Street Fresno, California 93721. On January 16, 2015, the Order was returned by the postal service marked "Undeliverable, Not in Custody." To date, Plaintiff has failed to comply with or otherwise respond to the Court's order. In light of Plaintiff's failure to update

1

his address or otherwise prosecute this matter, the Court recommends dismissal of this action.

## DISCUSSION

Eastern District of California Local Rule 182(f) provides that attorneys and any party appearing pro se are "under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party." Thus, Plaintiff is under a continuing duty to keep the Clerk and others informed of any change to his address or telephone number. Mail addressed to Plaintiff has been returned as undeliverable, and therefore, Plaintiff has failed to keep the Court informed of his current address despite a continuing duty to do so. Pursuant to Local Rule 183(b), any party appearing *pro se* must file and serve a notice of change of address within 63 days of mail being returned. To date, more than 63 days have elapsed since mail was returned and Plaintiff has not notified the court of a change of address.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate ... dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

1   prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5)
2   the availability of less drastic alternatives.  *Thompson v. Housing Auth.*, 782 F.2d at 831; *Henderson v.*
3   *Duncan*, 779 F.2d at 1423-24; *Malone v. U.S. Postal Service*, 833 F.2d at 130; *Ferdik*, 963 F.2d at
4   1260-61; *Ghazali v. Moran*, 46 F.3d at 53.

5         In the instant case, the Court finds that the public's interest in expeditiously resolving this
6   litigation and the Court's interest in managing the docket weigh in favor of dismissal.  Plaintiff has
7   failed to comply with Local Rule 182(f) that requires Plaintiff to keep the Court apprised of his
8   address so that he may participate in this litigation. More than sixty days have passed since the Court's
9   order was returned to the Court as undeliverable.  In accordance with this Court's Local Rules, the
10  matter should be dismissed.  Local Rule 183(b).

11        The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a
12  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
13  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, the public policy favoring
14  the disposition of cases on the merits is also met.  While the public's interest certainly favors
15  resolution of cases on the merits, the public has an equal, if not greater interest in ensuring confidence
16  in our judicial system and in the speedy and fair administration of justice.  Here, there will be no
17  resolution of this case given Plaintiff's failure to advise the Court of his new address.  Finally, a
18  court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the
19  "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone v. U.S. Postal Service*,
20  833 at 132-33; *Henderson v. Duncan*, 779 F.2d at 1424.  In this case, the Court's order requiring
21  Plaintiff to pay the filing fee stated, failure to comply with the Court's "order will result in dismissal
22  of this action."  (Doc. 5).   Thus, Plaintiff had adequate warning that dismissal would result from
23  noncompliance with the Court's order.

**CONCLUSION AND RECOMMENDATION**

25        Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed based on
26  Plaintiff Harold Walker's failure to prosecute the action.

27        These findings and recommendations are submitted to the United States District Judge,
28  pursuant to the provisions of Title 28 of the United States Code section 636(b)(l).  Within fourteen

(14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 7, 2015**         /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE